■ ROMART PROPERTIES, INC. et al., Respondents, v. CITY OF NEW ROCHELLE et al., Appellants. — In an action to declare certain provisions of the Building Zone Ordinance of the City of New Rochelle unconstitutional as to plaintiffs' Titus Mill Pond property and for injunctive relief, the appeals are from a judgment of the Supreme Court, Westchester County, dated September 3, 1971, which (1) denied appellants' separate motions for summary judgment and (2) adjudged that plaintiffs own the bed of Titus Mill Pond and Dam and that the defendant City of New Rochelle has no riparian rights in Titus Mill Pond. Judgment affirmed, with one bill of $10 costs and disbursements against appellants jointly. We agree with the determination by the learned Justice at Special Term that the subject property was included within the 1666 Nicholls Patent and the 1687 Dongan Patent to the Pells and that plaintiffs' chain of title back to those patents gives them good title to the subject property. And if we were to assume the contrary, we would nevertheless find that they have good title thereto based upon almost 250 years of adverse possession by their predecessors in title (see *People* v. *System Props.*, 2 N Y 2d 330). Hopkins, Acting P. J., Munder, Martuscello, Christ and Benjamin, JJ., concur.

■ RAYMOND SANTOS, by His Mother and Natural Guardian, ANGELA SANTOS, et al., Respondents, v. MICHAEL A. BURNS, Defendant, and SIMPLICITY MANUFACTURING COMPANY, INC., Appellant.— In an action to recover damages for personal injuries sustained by the minor plaintiff and for medical expenses, etc., of his mother, based *inter alia* on alleged negligence and breach of warranty, defendant Simplicity Manufacturing Company, Inc. appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County, entered February 24, 1972, as denied in part its motion to strike interrogatories propounded by plaintiffs. Order modified by adding thereto a provision that interrogatories numbered 3, 4, 5, 6, 26 and 27 also need not be answered. As so modified, order affirmed insofar as appealed from, without costs. In our opinion the interrogatories herein additionally struck are objectionable because they improperly inquire into the action and conduct of appellant occurring after the date of the subject injury and in no respect deal with any matter occurring prior thereto or relating thereto. Rabin, P. J., Hopkins, Martuscello, Latham and Christ, JJ., concur.